UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**BARRY GREEN, as Personal Representative of the Wrongful Death Estate of RAYMUNDO CRUZ HERRERA, DECEASED, CYNTHIA GUERRERO RODARTE, Individually, and as Parent and Next Friend of GAEL GUERRERO, JULIANA FLORES, and MARISELA GUERRERO, LUCIANA GUERRERO, ARADAI RODARTE, Individually and as Parent and Next Friend of MALIE CALDERON, ISAAC CALDERON, ISAIAH CALDERON AND EMILY CALDERON, Minor Children, PETER WIRTH, ON BEHALF OF THE WRONGFUL DEATH ESTATE OF ABRAHAM CALDERON, DECEASED, and CULLEN HALLMARK ON BEHALF OF THE WRONGFUL DEATH ESTATE OF JOSE LUIS GUERRERO, DECEASED,**

    Plaintiffs,

v.

**SWIFT TRANSPORTATION, SWIFT TRANSPORTATION OF ARIZONA, LLC, KNIGHT SWIFT TRANSPORTATION HOLDING, INC., RAFAEL RODARTE, and JOHN DOES 1-10,**

## NOTICE OF REMOVAL

    Defendants Swift Transportation, Swift Transportation of Arizona, LLC and Knight Swift Transportation Holding, Inc., ("Defendants"), by and through their counsel of record Ray | Peña | McChristian, PC (Dan Hernandez and Jeramy I. Schmehl), hereby file this Notice of Removal and removes this case pursuant to 28 U.S.C. § 1441, and in support thereof, states as follows:

    1.    By and through this Notice of Removal, Defendants remove all claims asserted by Plaintiffs Barry Green, as personal representative of the Wrongful Death Estate of Raymundo Cruz Herrera, deceased, Cynthia Guerrero Rodarte, individually and as Parent and next friend of Gael Guerrero, Juliana Flores, and Marisela Guerrero, Luciana Guerrero, Aradai Rodarte, Individually

and as parent and next friend of Malie Calderon, Issac Calderon, Isaiah Calderon and Emily Calderon, minor children, Peter Wirth on behalf of the wrongful death estate of Abraham Calderon, deceased, and Cullen Hallmark on behalf of the wrongful death estate of Jose Luis Guerrero, deceased, (hereinafter "Plaintiffs"), on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), and supplemental jurisdiction, *see* 28 U.S.C. § 1367.

2. Plaintiffs filed their Complaint on August 11, 2023, in the First Judicial District, County of Santa Fe, New Mexico, in the case captioned *Barry Green, as personal representative of the Wrongful Death Estate of Raymundo Cruz Herrera, deceased, Cynthia Guerrero Rodarte, individually and as Parent and next friend of Gael Guerrero, Juliana Flores, and Marisela Guerrero, Luciana Guerrero, Aradai Rodarte, Individually and as parent and next friend of Malie Calderon, Issac Calderon, Isaiah Calderon and Emily Calderon, minor children Peter Wirth, on behalf of the wrongful death estate of Abraham Calderon, deceased, and Cullen Hallmark on behalf of the wrongful death estate of Jose Luis Guerrero, deceased v. Swift Transportation, Swift Transportation of Arizona, LLC, Knight Swift Transportation Holdings, Inc., Rafael Rodarte, and John Does 1-10*, Case No. D-101-CV-2023-01086 ("State Court Action"). In accordance with 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), a copy of the Complaint and all other processes, pleadings and orders are attached hereto as Exhibit "A." In addition, a copy of the Register of Actions is attached hereto as Exhibit "B."

3. The Federal removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. 28 U.S.C. § 1332(a). In addition, all properly joined and served defendants must join in or consent to the removal. 38

2

U.S.C. §1446(b)(2)(A). Finally, the lawsuit may not be removed to federal court if any properly joined and served defendant is a citizen of the state in which the state-court lawsuit was brought. 28 U.S.C. § 1441(b)(2).

4.      Notwithstanding the provisions of 28 U.S.C. § 1441(b)(2), "under the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

5.      This case meets the above-mentioned requirements for diversity jurisdiction, as explained more fully below.

6.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 & 1441(a).

7.      Venue is proper in this Court since Plaintiffs' claims arise out of a vehicle accident that occurred on Interstate 10 East, near mile marker 68 in Luna County, New Mexico, and since the state lawsuit was filed in New Mexico and is being removed from a New Mexico state court. *See* 28 U.S.C. §§ 1391, 1441(a) & 1446(a).

8.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed in the state court and served upon the Plaintiff promptly after removal.

9.      Pursuant to D.N.M.LR-CIV. 81.1(a), Defendants will submit copies of any additional records and proceedings from the state court action within twenty-eight (28) days of filing this Notice of Removal.

### Diversity of Citizenship

10.     According to their Complaint and upon other information and belief, Plaintiff Barry Green, the Personal Representative of the Wrongful Death Estate of Raymundo Cruz Herrera, is a resident and citizen of Santa Fe County, New Mexico.

3

11. According to their Complaint and upon other information and belief, Plaintiff Cynthia Guerrero Rodarte is a resident and citizen of Texas.

12. According to their Complaint and upon other information and belief, Plaintiff Gael Guerrero is a resident and citizen of Texas.

13. According to their Complaint and upon other information and belief, Plaintiff Juliana Flores is a resident and citizen of Texas.

14. According to their Complaint and upon other information and belief, Plaintiff Marisela Guerrero is a resident and citizen of Texas.

15. According to their Complaint and upon other information and belief, Plaintiff Luciana Guerrero, the spouse of Jose Luis Guerrero, deceased, is a resident and citizen of Texas.

16. According to their Complaint and upon other information and belief, Plaintiff Aradai Rodarte, the spouse of Abraham Calderon, deceased, is a resident and citizen of Texas.

17. According to their Complaint and upon other information and belief, Plaintiff Melanie Calderon, the daughter of Abraham Calderon, deceased, is a resident and citizen of Texas.

18. According to their Complaint and upon other information and belief, minor Plaintiff Issac Calderon, the son of Abraham Calderon, deceased, is a resident and citizen of Texas.

19. According to their Complaint and upon other information and belief, minor Plaintiff Isaiah Calderon, the son of Abraham Calderon, deceased, is a resident and citizen of Texas.

20. According to their Complaint and upon other information and belief, minor Plaintiff Emily Calderon, the daughter of Abraham Calderon, deceased, is a resident and citizen of Texas.

21. According to their Complaint and upon other information and belief, Plaintiff Peter Wirth, Personal Representative of the Wrongful Death Estate of Abraham Calderon, deceased, is a resident and citizen of Santa Fe County, New Mexico.

22. According to their Complaint and upon other information and belief, Plaintiff Cullen Hallmark, Personal Representative of the Wrongful Death Estate of Jose Luis Guerrero, deceased, is a resident of Santa Fe County, New Mexico.

23. Defendant Swift Transportation is an Arizona corporation.

24. Defendant Swift Transportation of Arizona, LLC is an Arizona Corporation.

25. Defendant Knight-Swift Transportation Holdings, Inc. is an Arizona Corporation.

26. According to their Complaint and upon other information and belief, Defendant Rafael Rodarte is a resident and citizen of Texas.

27. According to the Complaint, Defendants John Does 1-10 are individuals and/or corporations who may have liability for the Plaintiffs' injuries and damages, but whose identities are not known, and thus their residency and citizenship are also unknown.

28. For the purposes of diversity of citizenship, each legal representatives' respective citizenship is deemed to be the same as their decedent or infant under 28 U.S.C. § 1332(c)(2), which states as follows:

> The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

29. No Defendant is a resident or citizen of New Mexico. *See* 28 U.S.C. § 1446(b)(2).

30. No properly served Defendant is a resident or citizen of Texas. *See* 28 U.S.C. § 1446(b)(2).

31. Since no Defendant is a resident or citizen of the same state as any Plaintiff, complete diversity of citizenship exists for this case. *See* 28 U.S.C. § 1332(a)(1).

## TIMELINESS OF REMOVAL

32. The filing of this Notice of Removal is timely under 28 U.S.C. § 1446(b), which states as follows:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

33. The New Mexico Rules of Civil Procedure requires the Plaintiffs to serve all defendants with a copy of the Complaint at the time that the Complaint is filed with the Clerk of the Court. See N.M.R. Civ. P. 1-004.

34. Upon information and belief, Plaintiffs have not served Defendant Rafael Rodarte (hereinafter "Defendant Rodarte") in this matter, and Plaintiffs have filed no notice of service on Defendant Rodarte in the record in this proceeding. Plaintiffs have had ample opportunity to serve Defendant Rodarte but have failed to do so. Likewise, Plaintiffs have failed to pursue active litigation against Defendant Rodarte. This Notice of Removal is, therefore, timely as to Defendant Rodarte as it is filed before the expiration of thirty (30) days after Defendant Rodarte was served.

35. Defendant Swift Transportation of Arizona, LLC has diligently attempted to obtain Plaintiff Juliana Flores medical records to address the amount in controversy requirement under diversity jurisdiction. Upon receipt of the same, Defendant Swift Transportation of Arizona, LLC has brought this notice of removal.

36. The Original Complaint was filed less than one (1) year ago. This removal is therefore timely under 28 U.S.C. § 1446(c).

## Amount in Controversy

37. The amount in controversy for the claims by Plaintiffs exceeds $75,000.

38. Although Defendants dispute that these Plaintiffs would be entitled to awards exceeding this jurisdictional threshold, the amount in controversy requirement is satisfied because it is possible that an amount in excess of that threshold is at play.

6

39. New Mexico practice does not permit a demand for a specific sum in a complaint, *see* NMRA 1-008(A)(3), and Plaintiffs' Complaint does not assert a specific total sum. *See* U.S.C. § 1446(c)(2)(A)(ii).

40. The alleged damages of Raymundo Cruz Herrera's Estate include, but are not limited to: conscious pain, suffering, and excruciating physical agony prior to death; medical, hospital and nursing expenses; and funeral expenses.

41. The alleged damages of Abraham Calderon's Estate include, but are not limited to: conscious pain, suffering, and excruciating physical agony prior to death; medical, hospital and nursing expenses; and funeral expenses.

42. The alleged damages of Cynthia Guerrero Rodarte include, but are not limited to: loss of earning capacity; loss of household services; impairment; disfigurement; mental anguish and injured feelings; economic damages and losses including medical expenses; past and future medical counseling expenses; pain and suffering and emotional distress; pecuniary loss, including the loss of care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value; loss of inheritance, gifts, benefits and other valuable gratuities; funeral and burial expenses; hedonic damages; and other damages.

43. The alleged damages of Gael Guerrero, a minor child, include severe emotional distress as a result of being a bystander to the occurrence.

44. The alleged damages of Marisela Guerrero include but are not limited to: loss of household services; impairment; disfigurement; mental anguish and injured feelings; economic damages and losses including medical expenses; past and future medical and counseling expenses; pain and suffering and emotional distress; and other damages.

45. The alleged damages of Aradai Rodarte as a result of the wrongful death of her husband include, but are not limited to: pecuniary loss, including the loss of care, maintenance,

support, services, advice, counsel, guidance and reasonable contributions of pecuniary value; loss of Decedent's society and companionship, love, affection, comfort, protection, and attention; loss of inheritance, gifts, benefits and other valuable gratuities; loss of household services; loss of consortium; mental anguish; loss of her husband's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship; economic damages and losses including medical expense; loss of her husband's financial support; pain and suffering and emotional distress; mental anguish and injured feelings; funeral and burial expense; and hedonic damages; and other damages.

46. The alleged damages of Malanie Calderon, Isaac Calderon, Isaiah Calderon, and Emily Calderon as a result of the wrongful death of their father include, but are not limited to: pecuniary loss, including the loss of care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value; loss of inheritance, gifts, benefits, and other valuable gratuities, loss of household services, mental anguish, loss of their father's love, affection, advice, counsel, care, comfort, consortium, protection, services, attention, society and companionship; economic damage and losses including medical expense; past and future medical counseling expense; and other damages.

47. The alleged damages of Luciana Guerrero as a result of the wrongful death of her husband Jose Luis Guerrero include, but are not limited to: pecuniary loss, including the loss of care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value; loss of Decedent's society and companionship, love, affection, comfort, protection, and attention; loss of inheritance, gifts, benefits and other valuable gratuities; loss of household services; loss of consortium; mental anguish; loss of her husband's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship; economic damages and losses including medical expense; loss of her husband's financial

support; pain and suffering and emotional distress; mental anguish and injured feelings; funeral and burial expense; and hedonic damages; and other damages.

48. Plaintiff Juliana Flores alleged medical expenses to date are $64,486.19.

49. In addition, Plaintiffs' prayer for relief in the Complaint states they are seeking punitive damages.

50. Although Defendants dispute that Plaintiffs could be entitled to punitive damages based on the pleadings and the facts at issue in this litigation, Plaintiffs have raised the proposed of a potential punitive damages award.

51. Although Defendants dispute the punitive damages claim, plaintiffs in New Mexico often seek a punitive damages award at least equal to the compensatory damages.

### Consent of Properly Joined Defendants

52. All defendants who have been properly joined and served must join in or consent to the removal of the action. *See* 28 U.S.C. § 1446(b)(2)(A). Defendant Rodarte is not required to join in or consent to the removal because he has not been properly joined pursuant to Section 1446(b)(2)(A).

53. Therefore, as all properly joined and served Defendants have joined in or consented to the removal, the requirements of 28 U.S.C. § 1446(b)(2)(A) are satisfied.

### Conclusion

54. Removal is proper because (1) this Notice of Removal is timely filed; (2) Plaintiff joined Defendant Rodarte to the state-court lawsuit in order to defeat diversity jurisdiction; (3) Plaintiffs have not served or pursued active litigation against Defendant Rodarte despite reasonable opportunity; (4) this Court has original jurisdiction over this matter because there is complete diversity between Plaintiffs and the only properly joined, served and named Defendants; (5) the

amount in controversy exceeds $75,000; and (6) venue is proper because the First Judicial District Court, Santa Fe County, New Mexico is located in this district.

WHEREFORE, Defendants give notice that the above-styled action, which was pending in the First Judicial District Court, County of Santa Fe, State of New Mexico, as Case No. D-101-CV-2023-01086 is hereby removed to this Court.

Respectfully Submitted,

RAY | PEÑA | MCCHRISTIAN, PC

*/s/Jeramy I. Schmehl*
Jeramy I. Schmehl
Daniel Hernandez
6501 Americas Pkwy NE Suite 820
Albuquerque, NM 87110
(505) 855-6000
jschmehl@raylaw.com

RAY | PEÑA | MCCHRISTIAN, PC
Daniel Hernandez
5822 Cromo Drive
El Paso, TX 79912
(915) 832-7200
dhernandez@raylaw.com
*Attorneys for Defendants Swift Transportation, Swift Transportation of Arizona, LLC and Knight Swift Transportation Holdings, Inc.*

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on this 28th day of March, 2024, a copy of the foregoing pleading was filed electronically through the CM/ECF system, which will cause counsel to be served via electronic means as more fully reflected on the Notice of Electronic Filing.

/s/ Jeramy I. Schmehl
Jeremy I. Schmehl