IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARRY GREEN, as Personal Representative of
the Wrongful Death Estate of RAYMUNDO CRUZ
HERRERA, Deceased, CYNTHIA GUERRERO
RODARTE, Individually, and as Parent and Next Friend
of GAEL GUERRERO, JULIANA FLORES, and
MARISELA GUERRERO, LUCIANO GUERRERO,
ARADAI RODATE, Individually and as Parent and
Next Friend of MALIE CALDERON, ISAAC CALDERON,
ISAIAH CALDERON and EMILY CALDERON,
PETER WIRTH, on Behalf of the Wrongful Death Estate of
ABRAHAM CALDERON, Deceased, and CULLEN
HALLMARK, on Behalf of the Wrongful Death Estate of
JOSE LUIS GUERRERO, Deceased,

        Plaintiffs,

vs.                                                                       1:24-cv-00305-JMR-LF

SWIFT TRANSPORTATION,
SWIFT TRANSPORTATION OF ARIZONA, LLC,
KNIGHT SWIFT TRANSPORTATION HOLDING,
INC., RAFAEL RODARTE, and JOHN DOES 1-10,

        Defendants.

## ORDER FOR RULE 7.1 DISCLOSURE

THIS MATTER is before the court *sua sponte* for jurisdictional purposes. Defendants Swift Transportation, Swift Transportation of Arizona, LLC ("Swift LLC"), and Knight Swift Transportation Holding, Inc. ("Knight Swift") (together, "Defendants") removed this case from the First Judicial District Court of the State of New Mexico based on diversity jurisdiction.  Doc. 1.  Defendants' notice of removal identifies each of the three removing defendants as "an Arizona Corporation." *Id*. at 5.  The information provided in Defendants' notice is insufficient to confirm the diversity of citizenship necessary to establish jurisdiction under 28 U.S.C. § 1332(a).

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and of the State or foreign state where it has its principal place of*

business . . . ." 28 U.S.C.A. § 1332(c)(1) (emphasis added); *see also Hertz Corp. v. Friend,* 559 U.S. 77 (2010) (holding that a corporation's principal place of business is the place where its officers direct, control, and coordinate its activities). Furthermore, "Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)) (other citations omitted); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 380 (2016) (affirming the Tenth Circuit's holding that "the citizenship of any 'non-corporate artificial entity' is determined by considering all of the entity's 'members'"). The relevant time period for determining the existence of complete diversity is the time of the filing of the complaint and the time of removal. *See Siloam Springs Hotel*, 781 F.3d at 1239; *see also Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) ("When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court.").

Accordingly, within 21 days of the date of this order, Defendants shall file a response stating, as of the time that the action was commenced in state court and at the time of removal, 1) the principal place of business of defendants Swift Transportation and Knight Swift Transportation Holding, Inc. and 2) the citizenship of all of the members of defendant Swift Transportation of Arizona, LLC. Defendants must identify the name and domicile of each individual member of the unincorporated association and identify the State of incorporation and principal place of business of each corporate member. *See Siloam Springs*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."); 28 U.S.C.A. § 1332(c)(1) ("[A] corporation shall be deemed to be a

citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). If any of Swift Transportation of Arizona, LLC's limited partners are LLCs, defendants also must identify the citizenship of each member of the member LLC.

    IT IS SO ORDERED.

                                                               _____
                                                               Laura Fashing
                                                               United States Magistrate Judge